**NOT FOR PUBLICATION**

MAY 2 2023

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

v.

JACOB BLANCO,

          Defendant-Appellant.

No.   21-10301

D.C. No. 1:17-cr-00140-DAD-SKO-1
Eastern District of California,
Fresno

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted March 29, 2023
San Francisco, California

Before: GOULD, BERZON, and IKUTA, Circuit Judges.

Jacob Blanco pleaded guilty to five counts of sexual exploitation of children,

in violation of 18 U.S.C. § 2251(a) and (e), and one count of receipt and

distribution of material involving the sexual exploitation of children, in violation of

18 U.S.C. § 2252(a)(2) and (b)(1).  Blanco appeals the district court's denial of his

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

motion to suppress evidence and request for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court did not err in denying Blanco's motion to suppress the evidence obtained from 369 West Lexington Avenue, #204 in Fresno, California because the search warrant authorizing the search was supported by probable cause.[1]  The affidavit supporting the search warrant established that the @summerme001 Musical.ly account which victimized a six-year-old girl on March 28 and 29, 2017, was associated with internet protocol (IP) address 73.192.178.95, which in turn was associated with the 369 West Lexington address and the email address "Jacob_blanco@comcast.net."  The affidavit provided further evidence confirming that Blanco was a resident of that address, including that a car registered to Blanco was parked outside.  This evidence is sufficient to establish a "fair probability" that evidence of a crime would be found at the 369 West Lexington residence.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  Because a Musical.ly account holder could use multiple internet service providers (or

---

[1] Because Blanco's voluntary confession was made before the warrant was executed, it was not "fruit of the poisonous tree," *Wong Sun v. United States*, 371 U.S. 471, 488 (1963), and therefore the confession is admissible regardless of the validity of the search warrant.

multiple IP addresses from the same internet service provider) to access an account, the absence of evidence that the @summerme001 account accessed Musical.ly using IP address 73.192.178.95 on March 28 or 29, 2017, does not undermine probable cause for the search. *See D.C. v. Wesby*, 138 S. Ct. 577, 588 (2018) (holding that probable cause does not require ruling out "innocent explanation[s] for suspicious facts").

The district court did not err in denying Blanco's request for a *Franks* hearing. The affidavit's inclusion of a one-number typographical error in one of the IP addresses that had been used by the @summerme001 account to access Musical.ly was not an "intentionally or recklessly false statement[] or misleading omission[]." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). Moreover, neither this typographical error nor the omission of the fact that there was no evidence that the @summerme001 account accessed Musical.ly using IP address 73.192.178.95 on March 28 or 29, 2017, were necessary to the finding of probable cause. *See id.*[2] Further, the omitted evidence regarding the access activity of IP address 73.192.178.95 demonstrated that the address was used to

---

[2] Because we conclude that the challenged search warrant was supported by probable cause, we do not reach the government's argument that the exclusionary rule should not be applied because the search of the 369 West Lexington address was conducted in good faith reliance on an objectively reasonable search warrant.

access the @summerme001 account five times over the span of five days, beginning on March 30, 2017, just one day after the incidents at issue occurred. Had those omitted facts from the government's investigation been included in the affidavit, the evidence would have bolstered, not detracted from, the finding of probable cause.

Finally, the district court's order did not violate Rule 12(d) of the Federal Rules of Criminal Procedure because Blanco's motion to suppress and request for a *Franks* hearing did not raise any factual disputes that the district court was required to resolve. The topics that Blanco asserts the district court omitted are legal conclusions, not essential factual findings, and thus did not have to be stated on the record. *See United States v. Prieto-Villa*, 910 F.2d 601, 610 (9th Cir. 1990).

**AFFIRMED.**